ORIGINAL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

# CV 15-5144

Charles Adams

**DOCKET #**

**Plaintiff,**

Vs.

**DEMAND FOR JURY TRIAL**

THE CITY OF NEW YORK; NEW YORK
CITY POLICE COMMISSIONER WILLIAM
J. BRATTON, in his individual and official capacity;
MAYOR BILL de BLASIO, in his
individual and official capacity AS MAYOR OF
THE CITY OF NEW YORK;
NEW YORK CITY POLICE OFFICERS, BUTLER, RAGONE, PRINCE, OF
THE 78TH PRECINCT AT 65 6TH AVE, BROOKLYN NY 11215, in
their individual capacities;
LIEUTENANT CONRAD OF ANDREWS INTERNATIONAL, in his individual capacity;
ANDREWS INTERNATIONAL
BEST BUY CO., INC. (NYSE: BBY)
NICK THOMAS OF BESTBUY CO., INC, in his individual capacity;
FIRST NEW YORK PARTNERS MANAGEMENT, LLC
**Defendants,**

**RECEIVED**
SEP - 3 2015
**PRO SE OFFICE**

**KUNTZ, J.**

**REYES, M.J.**

## PRELIMINARY STATEMENT

1.   This is a civil rights action brought by Plaintiff Charles Adams

to seek relief for Defendants' violation of his rights, privileges,

and immunities secured by the Civil Rights Act of 1871, 42

U.S.C. § 1983, the Fourth and Fourteenth Amendments to the

United States Constitution, Title VI of the Civil Rights Act

of 1964, 42 U.S.C. § 2000(d), *et seq.* ("Title VI"), and the

Constitution and laws of the State of New York.

2.   The Defendants in this action, the City of New York ("City"),

New York City Police Commissioner William J. Bratton

("Bratton"), the Mayor of the City of New York, BILL de BLASIO

("BLASIO") and New York City Police Officers BUTLER,

RAGONE, PRINCE, OF THE 78TH PRECINCT LOCATED

AT 65 6TH AVE BROOKLYN NY 11215,  Jane Doe and John

Does I and 10 inclusive, have implemented and are continuing to

enforce, encourage and sanction a policy, practice and/or custom

of unconstitutional detentions, racially biased "profiling" of

African American Nationals  "sting operations, malicious

prosecutions and frisks of City residents by the New York Police

Department ("NYPD").

3.   As a result of the said policy, plaintiff on the day of  January 23,

2015, was racially profiled and falsely accused of stealing while

lawfully on the premises of defendant BESTBUY by defendant

NICK THOMAS who was assisted by defendants

LIEUTENANT CONRAD OF ANDREWS

INTERNATIONAL, and NYPD OFFICERS, BUTLER,

RAGONE,  & PRINCE OF THE 78TH PRECINCT WHO

collectively descended upon plaintiff  like a violent mob who

Case 1:15-cv-05144-WFK-RER   Document 1   Filed 09/03/15   Page 3 of 24 PageID #: 3

Page **3** of **25**

grabbed, shackled, confined, chained, and violently subdued him to the bare floor, dehumanized him and falsely accused him of being in possession of stolen property belonging to defendant BESTBUY, but which was proved to be false and fabricated as NO SUCH "STOLEN" PROPERTY OF BESTBUY WAS EVER FOUND ON THE PERSON OF PLAINTIFF while within the premises of BESTBUY .

4.    As a result of the said policy, plaintiff on the day of January 23, 2015, plaintiff was arrested, finger-printed falsely and maliciously charged with unfounded offenses in a continuing dehumanization of his biological person as though he was not human at all due to the natural color of his skin.

5.    Without JUST CAUSE but full of racially biased animus, defendant NICK THOMAS PROFILED AND SINGLED OUT plaintiff while he was lawfully going about his business and browsing on items on display at the BEST BUY STORE located within the ATLANTIC CENTER MALL, and accused him of stealing property belonging to BESTBUY AND FORCED HIS WAY INTO plaintiff's bag, while plaintiff defended his private property by fending off the deprecations of NICK THOMAS.

6.   NICK THOMAS WAS immediately joined by defendant
     Lieutenant CONRAD who violently pinned the plaintiff to
     ground and put hand cuffs on him all based upon the unfounded
     accusation of stealing property.

7.   Subsequently a MOB OF POLICE OFFICERS OF THE NYPD,
     78th PRECINCT, which included, but not limited to, OFFICERS
     BUTLER, RAGONE, PRINCE, JOINED the irascible mob and
     violently attacked plaintiff ignoring the fact that he was innocent
     of the mythical racially biased accusation invented by NICK
     THOMAS in violation of the Equal Protection Clause of the
     Fourteenth Amendment of the United States Constitution.

8.   The NYPD's widespread constitutional abuses have flourished as
     a result of, and are directly and proximately caused by, policies,
     practices and/or customs devised, implemented and enforced by
     the City, Bratton and BLASIO. The City, Bratton and BLASIO
     and a violent MOB OF POLICE OFFICERS OF THE NYPD,
     78th PRECINCT, which included, but not limited to, OFFICERS
     BUTLER, RAGONE, PRINCE, on the DAY OF January 23,
     2015, AND OFFICERS **JOHN/JANE DOES 1 TO 10**
     **INCLUSIVE**, have acted with deliberate indifference to the

constitutional rights of plaintiff Charles Adams and have irreparably damaged him.

9. The City, Bratton and BLASIO, have acted with deliberate indifference to the constitutional rights of plaintiff by: (a) failing to properly screen, train, and supervise NYPD officers, (b) inadequately monitoring NYPD officers and their racial profiling practices, (c) failing to sufficiently discipline NYPD officers who engage in constitutional abuses, and (d) encouraging, sanctioning and failing to rectify the NYPD's unconstitutional practices.

10. As a direct and proximate result of defendants' policies, practices and/or customs, plaintiff was subjected to violent and malicious unconstitutional seizure, confiscation, brutality, and dehumanization by the named NYPD officers in this complaint.

## JURISDICTION

Jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

11.   Plaintiff further invokes this Court's supplemental jurisdiction,
      pursuant to 28 U.S.C.§ 1367(a), over any and all state
      constitutional and state law claims that are so related to the
      claims within the original jurisdiction of this Court that they
      form part of the same case or controversy.

## VENUE

12.   Venue is proper in the United States District Court for the
      Southern District of New York pursuant to 28 U.S.C. § 1391 (b)
      and (c).

## JURY DEMAND

13.   Plaintiff demands trial by jury in this action on each and every
      one of his claims.

## PARTIES

14.   Plaintiff Charles Adams ("Adams") is an African-American who
      resides in King's County where active and rampant frisks, stops,
      racial profiling and unconstitutional seizures take place daily.

## DEFENDANTS

15.   Defendant CITY OF NEW YORK ("City") is a municipal entity
      created and authorized under the laws of the State of New York.
      It is authorized under the laws of the State of New York to

maintain a police department, the NYPD, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers. The NYPD's operations include the operations as described herein. On information and belief, the law enforcement activities of the NYPD are funded, in part, with funds from the federal government.

16.   Defendant New York City Police Commissioner William J. Bratton is and was, at all times relevant herein, the Police Commissioner for the City, and is and was responsible for, and the chief architect of, the policies, practices and or customs of the NYPD, a municipal agency of the City. He is and was, at all times relevant herein, responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers under his command who are or were employed by the NYPD, including the Defendants named herein. He is sued individually and in his official capacity.

17.   Defendants NEW YORK CITY POLICE OFFICERS which included, but not limited to, BUTLER, RAGONE, PRINCE, OF

THE 78TH PRECINCT LOCATED AT 65 6TH AVE BROOKLYN NY 11215 on the DAY OF JANUARY 23, 2015, AND OFFICERS **JOHN/JANE DOES 1 TO 10 INCLUSIVE** are or were, at all times relevant herein, officers, employees, and agents of the NYPD, a municipal agency of the City. Defendants BUTLER, RAGONE, PRINCE, OF THE 78TH PRECINCT LOCATED AT 65 6TH AVE BROOKLYN NY 11215 on the DAY OF JANUARY 23, 2015, AND OFFICERS **JOHN/JANE DOES 1 TO 10 INCLUSIVE**, are sued in their individual capacities.

18. Defendant BILL de BLASIO is and was, at all times relevant herein, the Mayor of the City of New York and the chief policy making official for the City and its departments, including the NYPD. He is sued in both his individual and official capacities.

19. At all times relevant herein, Defendants NEW YORK CITY POLICE OFFICERS BUTLER, RAGONE, PRINCE, OF THE 78TH PRECINCT LOCATED AT 65 6TH AVE BROOKLYN NY 11215 on the DAY OF JANUARY 23, 2015AND OFFICERS **JOHN/JANE DOES 1 TO 10 INCLUSIVE**, BRATTON and de BLASIO have acted under color of state law

in the course and scope of their duties and functions as agents, employees, and officers of the City and/or the NYPD in engaging in the conduct described herein.  At all times relevant herein, Defendants have acted for and on behalf of the City and/or the NYPD with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

20.   At all times relevant herein, Defendants NEW YORK CITY POLICE OFFICERS BUTLER, RAGONE, PRINCE, OF THE 78TH PRECINCT LOCATED AT 65 6TH AVE BROOKLYN NY 11215 on the DAY OF JANUARY 23, 2015AND OFFICERS **JOHN/JANE DOES 1 TO 10 INCLUSIVE**, BRATTON and de BLASIO have violated clearly established constitutional standards under the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of which a reasonable person would have known.

21.   Defendant, NICK THOMAS, is the individual who falsely racially profiled plaintiff and communicated false information

about plaintiff being in possession of property belonging to defendant BESTBUY.

22.   Defendants  BEST BUY CO., INC., ANDREWS INTERNATIONAL, UPON INFORMATION AND BELIEF are entities authorized to do business in the STATE OF NEW YORK  ON THE DAY OF JANUARY 23, 2015.

23.   Defendant, FIRST NEW YORK PARTNERS MANAGEMENT, LLC, upon information and belief  is the operator/manager of the ATLANTIC CENTER MALL, the venue of the incident.

24.   Defendant, NICK THOMAS, upon information and belief was and is an employee of DEFENDANT BESTBUY and was acting IN that capacity on the day of JAN 23, 2015.

25.   Defendant, lieutenant CONRAD, upon information and belief was and is an employee of ANDREWS INTERNATIONAL and was acting IN that capacity on the day of JAN 23, 2015

## STATEMENT OF FACTS

26.   Plaintiff repeats and re-alleges paragraphs from one to twenty-five  above as if fully set herein.

27.   On the day of January 23, 2015, plaintiff was racially profiled and falsely accused of stealing while lawfully on the premises of defendant BESTBUY by defendant NICK THOMAS who was acting in the capacity of 'SECURITY GUARD"

28.   THE SAID NICK THOMAS WAS assisted by defendants LIEUTENANT CONRAD OF ANDREWS INTERNATIONAL, and NYPD OFFICERS, BUTLER, RAGONE, & PRINCE OF THE 78TH PRECINCT WHO collectively descended upon plaintiff like a violent mob grabbed, shackled, confined, chained, and violently subdued him to the bare floor, dehumanized him and falsely accused him of being in possession of stolen property belonging to defendant BESTBUY, but which was proved to be false and fabricated as NO SUCH "STOLEN" PROPERTY OF BESTBUY WAS EVER FOUND OR RECOVERED ON THE PERSON OF PLAINTIFF while within the premises of BESTBUY AND DURING THE ENTIRE DURATION OF THE RACIALLY BIASED PROFILING AND ACCUSATIONS.

29.   As a result of the said racially biased profiling plaintiff on the day of January 23, 2015, was arrested, finger-printed falsely and

maliciously charged with unfounded offenses in a continuing

dehumanization of his biological person as though he was not

human at all due to the natural color of his skin.

30.     Without JUST CAUSE but full of racially biased animus,

defendant NICK THOMAS PROFILED AND SINGLED OUT

plaintiff while he was lawfully going about his business and

browsing on items on display at the BEST STORE located

within the ATLANTIC CENTER MALL, and accused him of

stealing property belonging to BESTBUY AND FORCED HIS

WAY INTO plaintiff's bag, while plaintiff defended his private

property by fending off the deprecations of NICK THOMAS.

31.     NICK THOMAS WAS immediately joined by defendant

Lieutenant CONRAD who violently pinned the plaintiff to

ground and put hand cuffs on him all based upon the unfounded

accusation of stealing property.

32.     Subsequently a MOB OF POLICE OFFICERS OF THE NYPD,

78th PRECINCT, which included, but not limited to, OFFICERS

BUTLER, RAGONE, PRINCE, JOINED the irascible mob and

violently attacked plaintiff ignoring the fact that he was innocent

of the mythical racially biased accusation invented by NICK

THOMAS in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

33.   The NYPD's widespread constitutional abuses have flourished as a result of, and are directly and proximately caused by, policies, practices and/or customs devised, implemented and enforced by the City, Bratton and BLASIO. The City, Bratton and BLASIO and a violent MOB OF POLICE OFFICERS OF THE NYPD, 78th PRECINCT, which included, but not limited to, OFFICERS BUTLER, RAGONE, PRINCE, on the DAY OF January 23, 2015, AND OFFICERS **JOHN/JANE DOES 1 TO 10 INCLUSIVE**, have acted with deliberate indifference to the constitutional rights of plaintiff Charles Adams and have irreparably damaged him.

**FIRST CLAIM**

**(Claims Pursuant to 42 U.S.C. § 1983 Against All Defendants for Violations of the Fourth Amendment)**

34.   Plaintiff repeats and re-alleges paragraphs from one to thirty-three above as if fully set herein.

35.   The City, Bratton and Blasio, and The violent MOB OF NEW YORK CITY POLICE DEPARTMENT OFFICERS from the

78th precinct, including but not limited to, BUTLER,
RAGONE, PRINCE, AND OFFICERS **JOHN/JANE DOES 1
TO 10 INCLUSIVE** have implemented, enforced, encouraged
and sanctioned a policy, practice and/or custom of profiling,
stopping and seizing African Americans without the legitimate
cause or reasonable articulable suspicion of criminality required
by the Fourth Amendment. These constitutional abuses and its
twin unconstitutional searches and seizures and the use of
excessive force have now become a huge blot on the face of the
City of New York.

36.   The NYPD's constitutional abuses and violations were and are
directly and proximately caused by policies, practices and/or
customs devised, implemented, enforced, encouraged and
sanctioned by the City, Bratton and Blasio, including: (1) the
failure to adequately and properly screen, train, and supervise
NYPD officers; (2) the failure to properly and adequately
monitor and discipline NYPD officers; and (3) the overt and
tacit encouragement and sanctioning of, and the failure to
rectify, the NYPD's unconstitutional seizures, racially biased

profiling brutality and violence against African American Nationals.

37. Each of the Defendants has acted with deliberate indifference to the Fourth Amendment rights of Plaintiff. As a direct and proximate result of the acts and omissions of each of the Defendants, Plaintiff's Fourth Amendment rights have been violated. By acting under color of state law to deprive Plaintiff of his rights under the Fourth Amendment, the Defendants are in violation of 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

38. The NYPD targets Black and Latino individuals for illegal stops and frisks which result to unconstitutional seizures, violence and possible deaths in plaintiff's neighborhood. Thus, a real and immediate threat exists that Plaintiff's Fourth Amendment rights will be violated by NYPD officers in the future. Moreover, because Defendants' policies, practices and/or customs subjected Plaintiff to violent stops and frisks without any reasonable, articulable suspicion of criminality, and often on the basis of race and/or national origin, plaintiff cannot alter their behavior

to avoid future violations of their Constitutional and civil rights at the hands of the NYPD.

39. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing the NYPD's policy, practice and/or custom of no constitutional stops and frisks, and the policies, practices and/or customs that have directly and proximately caused such constitutional abuses.

## SECOND CLAIM

### (Claims Pursuant to 42 U.S.C. § 1983 Against All Defendants for Violations of Equal Protection Clause)

40. Plaintiff repeats and re-alleges paragraphs from one to thirty-nine above as if fully set herein.

41. The City, Bratton and Blasio, and a violent MOB OF NEW YORK CITY POLICE DEPARTMENT OFFICERS BUTLER, RAGONE, PRINCE, OF THE 78TH PRECINCT LOCATED AT 65 6TH AVE BROOKLYN NY 11215, have implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping and frisking individuals without the reasonable articulable suspicion of criminality required by the

Fourth Amendment. These constitutional abuses and its twin

unconstitutional searches and seizures and the use of excessive

force have now become a huge blot on the face of the City of

New York.

42.   The NYPD targets Black and Latino individuals for NYPD's

unconstitutional seizures, brutality and violence against African

American Nationals.  Thus, a real and immediate threat exist

that Plaintiff's Fourth Amendment rights will be violated by

NYPD officers in the future.  Moreover, because Defendants'

policies, practices and/or customs subjected Plaintiff to violent

stops, frisks and seizures without any reasonable, articulable

suspicion of criminality, and often on the basis of race and/or

national origin, plaintiff cannot alter their behavior to avoid

future violations of their Constitutional and civil rights at the

hands of the NYPD.

43.   Plaintiff has no adequate remedy at law and will suffer serious

and irreparable harm to his constitutional rights unless

Defendants are enjoined from continuing the NYPD's policy,

practice and/or custom of no unconstitutional stops and frisks,

no racial profiling and the policies, practices and/or customs that have directly and proximately caused such constitutional abuses.

## THIRD CLAIM (Claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), *et seq.* Against the City of New York)

44. Plaintiff repeats and re-alleges paragraphs from one to forty-three above as if fully set herein.

45. The law enforcement activities described in this complaint have been funded, in part, with federal funds.

46. Discrimination based on race in the law enforcement activities and conduct described in this complaint are prohibited under 42 U.S.C. § 2000(d), *et seq.* The acts and conduct complained of herein by the Defendants were motivated by racial animus, and were intended to discriminate on the basis of race and/or had a disparate impact on minorities, particularly Blacks and Latinos.

47. As a direct and proximate result of the above mentioned acts, Plaintiff has suffered injuries and damages and has been deprived of his rights under the civil rights laws. Without appropriate injunctive relief, these violations will continue to occur.

## FOURTH CLAIM

**(Plaintiff Adams' Claims Pursuant to 42 U.S.C. § 1983 Against**

**Defendants NEW YORK CITY POLICE OFFICERS**

**BUTLER, RAGONE, PRINCE, OF THE 78TH PRECINCT ON**

**THE  DAY OF JANUARY 23, 2015 AND OFFICERS**

**JOHN/JANE DOES 1 TO 10 INCLUSIVE)**

48.  Plaintiff repeats and re-alleges paragraphs from 1 to 47 above as if fully set herein.

49.  The conduct of defendants NYPD OFFICER Defendants NEW YORK CITY POLICE OFFICERS BUTLER, RAGONE, PRINCE,  BRATTON and de BLASIO AND OFFICERS **JOHN/JANE DOES 1 TO 10 INCLUSIVE** in engaging in and promoting and enforcing RACIAL PROFILING AND UNJUSTIFIED violent unconstitutional seizures due to plaintiff's Nationality and Skin color, performed under color of law has left plaintiff irreparably  scarred him forever and constitutes racial profiling at its most despicable description.

50.  As a direct and proximate result of such acts, defendants NYPD OFFICERS BUTLER, RAGONE, PRINCE, AND OFFICERS **JOHN/JANE DOES 1 TO 10 INCLUSIVE have** deprived

Plaintiff Adams of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

51.    As a direct and proximate result of those constitutional abuses, Plaintiff Adams has suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

52.    The acts of defendants The City, Bratton and Blasio, and The violent MOB OF NEW YORK CITY POLICE DEPARTMENT OFFICERS from the 78th precinct, including but not limited to, BUTLER, RAGONE, PRINCE, AND OFFICERS **JOHN/JANE DOES 1 TO 10 INCLUSIVE** ON JAN 23, 2015 were intentional, wanton, malicious, reckless and oppressive, thus entitling Plaintiff Adams to an award of punitive damages.

### FIFTH CLAIM

**(Violation** of Plaintiff's **Rights Under New York Law)**

53.    Plaintiff repeats and re-alleges paragraphs from 1 to 54 above as if fully set herein.

54.    By the actions described above, each and every Defendant, jointly and severally, has committed the following wrongful acts

against Plaintiffs, which are tortious under the Constitution and laws of the State of New York:

a) assault and battery;

b) trespass;

c) violation of the right to privacy through racial profiling;

d) negligence; and

e) violation of rights otherwise guaranteed under the Constitution and laws of the State of New York.

55.   In addition, Defendants City, Bratton and de Blasio were negligent in their hiring, defendants BUTLER, RAGONE, PRINCE, OF THE 78TH PRECINCT on the DAY OF JAN 23, 2015, AND OFFICERS **JOHN/JANE DOES 1 TO 10 INCLUSIVE.**

56.   **WHEREFORE,** plaintiff as to all his causes of action demands the sum of 20 million dollars ($20 million dollars) against all NAMED defendants, INCLUDING, BUT NOT LIMITED TO, THE CITY OF NEW YORK, and against NEW YORK CITY POLICE OFFICERS BUTLER, RAGONE, PRINCE, OF THE 78TH PRECINCT, AND OFFICERS **JOHN/JANE DOES 1 TO 10 INCLUSIVE** in their individual capacities as restitution,

reparation, and punitive damages for all their reprehensible

violent acts and bodily harm and damages sustained in the hands

of all defendants.

57.   Award such other and further relief as this Court may deem

appropriate and equitable, including injunctive and declaratory

relief as may be required in the interests of justice.

**DATED:**          **Brooklyn, New York**
                    September 1, 2015

STATE OF NEW YORK
COUNTY OF KINGS
SIGNED BEFORE ME ON _09 | 03 | 2015_

_Charles ADAMS_

By: _____

Charles Adams, All Rights Reserved
3022 Avenue V – APT. # 1-D
BROOKLYN, NY 11229
718 877 4507

PIYUSH B. SONI
Notary Public, State of New York
No. 01SO6038647
Qualified in Kings County
Commission Expires March 20, 2018

# NOTARY VERIFICATION

On this day, September  3  , 2015, personally came before me Charles Adams

who proved his identity to me to my satisfaction and acknowledged his signature in

my presence under the complete authority and Trust in his private Sacred Religious

Convictions only, and held harmless at all times.


**Declarant**


**By:** _C. Adams_

**Charles Adams, All Rights Reserved,**


**BEFORE ME,**


**NOTARY PUBLIC**          PIYUSH B. SONI
                          Notary Public, State of New York
                          No. 01SO6038647
                          Qualified in Kings County
                          Commission Expires March 20, 2018


**MY COMMISSION EXPIRES ON**

TO:

CORPORATION COUNSEL OF THE CITY OF NEW YORK

ATTORNEY OF RECORD FOR ALL DEFENDANTS

100 CHURCH STREET

ROOM 3-249

NEW YORK, NY 10007

212-788-0646

**First New York Partners Management, LLC**

1 Metrotech Ctr Fl 22

Brooklyn, NY, 11201

**Andrews International. Corporate office**

28001 Smyth Drive, Suite 105

Valencia,CA 91355

**Best Buy Corporate**

7601 Penn Ave S, Minneapolis, Mn 55423.

Tel: 8774153487.

**Nick Thomas**

c/o BESTBUY

625 Atlantic Avenue,

Brooklyn Ny 11217.

**Lt. Conrad**

c/o **Andrews International. Corporate office**

28001 Smyth Drive, Suite 105

Valencia,CA 91355